MEMORANDUM **
The Nevada Attorney General appeals the district court’s order conditionally granting Peter Elvik’s 28 U.S.C. § 2254 habeas corpus petition, challenging his conviction of open murder and robbery with the use of a deadly weapon.
On appeal, the government does not argue that the district court erred in determining that the Nevada Supreme Court was unreasonable in holding that the trial court not was required to give an instruction based on Nev.Rev.Stat. § 194.010(2). Instead, the government argues that (1) the district court was obligated to develop alternative theories to support the Nevada Supreme Court’s decision, and (2) the district court erred by concluding that the error was not harmless.
1. The district court was not obligated to develop alternative theories to support the Nevada Supreme Court’s decision. The Nevada Supreme Court did not provide a summary decision without reasoning, as in Harrington v. Richter, 562 U.S. 86, 96, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), or a decision that failed to address one of the claims, as in Johnson v. Williams,—U.S.-, 133 S.Ct. 1088, 1096-97, 185 L.Ed.2d 105 (2013). Instead, the Nevada Supreme Court provided a reasoned decision that addressed all of the key issues in the appeal. Therefore, the district court did not err by analyzing the rationale of the Nevada Supreme Court as presented in its reasoned opinion.
*414 2. The trial court’s failure to provide a jury instruction regarding Nev.Rev. Stat. § 194.010 was not harmless. “Habe-as relief is warranted only if the error had a ‘substantial and injurious effect or influence in determining the jury’s verdict.’” Merolillo v. Yates, 663 F.3d 444, 454 (9th Cir.2011) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). The Supreme Court has explained:
[I]f one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough [evidence] to support the result, apart from ... the error. It is rather, ... whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.
Kotteakos v. United States, 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). In other words, we do not undertake a sufficiency of the evidence inquiry in making this decision. Rather, we must determine whether the excluded instruction may have had a substantial influence on the jury’s decision. Additionally, “[w]here the record is so evenly balanced that a judge feels himself in virtual equipoise as to the harmlessness of the error and has grave doubt about whether an error affected a jury [substantially and injuriously], the judge must treat the error as if it did so.” Merolillo, 663 F.3d at 454 (internal quotation marks omitted) (alteration in original).
Juries are presumed to follow the instructions given to them by the trial court. Vitello v. United States, 425 F.2d 416, 422 (9th Cir.1970). Important for the jury to decide here was whether Elvik knew right from wrong. Nev.Rev.Stat. § 194.010(2) creates a presumption that children between the ages of eight and fourteen are unable to distinguish right from wrong. Elvik proposed an instruction based on Nev.Rev.Stat. § 194.010(2), which stated:
All persons are liable to punishment except those belonging to the following class as it applies to this case:
Children between the ages of eight years and fourteen years, in the absence of clear proof that at the time of committing the act charged against them they knew its wrongfulriess. Peter Elvik was fourteen years old on August 31, 1995.
The trial court rejected the instruction. Nevada courts have described the language of Nev.Rev.Stat. § 194.010(2) as creating a presumption that the defendant lacked capacity to commit the crime. See Winnerford Frank H. v. State, 112 Nev. 520, 915 P.2d 291, 293 (1996). Thus, had the trial court given the instruction, the jury would have been required to presume that Elvik was not liable for punishment of his actions, unless the government proved by clear evidence that Elvik knew (at the time he committed the crimes) that his conduct was wrong. The trial court’s error completely relieved the government of that burden.
We cannot say, with fair assurance, that the failure to tell the jury about this presumption did not sway the jury’s verdict. Overcoming the presumption in this case would have been daunting; the jury could not convict Elvik unless it found by clear proof that Elvik knew that what he was doing was wrong when he committed the crime. Instead, because the jury wasn’t told, the jury was never even aware that acquittal under Nev.Rev.Stat. § 194.010(2) was an option.
The government argues that, even with-out the instruction, the record contains *415 strong evidence indicating that Elvik understood the wrongfulness of his actions. Of course, the government (and the dissent) emphasize the evidence of Elvik’s understanding. However, this is not a sufficiency of the evidence analysis. Instead of weighing the evidence, we must ask whether the error was substantial and injurious. This record includes other evidence that could have led a jury to conclude that Elvik did not understand that what he did was wrong. The jury was deprived of the opportunity to follow the judge’s instruction, outlining the presumption that Elvik did not understand right from wrong. We cannot suggest that the error was not substantial and injurious. And even if we were conflicted concerning the error’s harmlessness, we are to treat the error as harmful. Therefore, we agree with the district court in concluding that the failure to provide a jury instruction on Nev.Rev.Stat. § 194.010 was not harmless.
Because we affirm the district court’s conditional grant of Elvik’s habeas petition, we do not reach the issues raised in Elvik’s cross appeal.'
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.